IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

**JAMIE SCOTT, #19197**                                                                                    **PLAINTIFF**

**VERSUS**                                                          **CIVIL ACTION NO.  3:07-cv-483-DPJ-JCS**

**I.A. GILMORE and JAMES HOLMAN**                                                                  **DEFENDANTS**

## MEMORANDUM OPINION

This matter is before the Court, *sua sponte*, for consideration of dismissal.  Plaintiff Scott, an inmate of the Mississippi Department of Corrections (MDOC), currently incarcerated at the Central Mississippi Correctional Facility (CMCF), Pearl, Mississippi, filed this Complaint pursuant to 42 U.S.C. § 1983.  The named defendants are:  I.A. Gilmore, Associate Warden at CMCF; and James Holman, Warden at CMCF.

Plaintiff states that she started working part-time in the prison law library in May of 2002.  Plaintiff explains that in November of 2006, she was approved by all staff for full-time employment in the prison law library, except for Associate Warden Gilmore.  Plaintiff alleges that Gilmore's decision was based on an incident that occurred in 2005, involving several inmate workers, however she was not involved.  Plaintiff further complains that Warden Holman ultimately supported Gilmore's decision and asserts that MDOC policy and procedure was violated when she was removed from employment in the prison law library.  As relief, Plaintiff requests that this Court order MDOC to allow her to work in the prison law library after school and if her school program closes, allow her to work full-time in the prison law library or inmate legal assistance office.

Analysis

Title 28 U.S.C. §1915, applies to prisoners proceeding *in forma pauperis* in this Court. Section 1915(e)(2), provides that "the court shall dismiss the case at any time if the court determines that . . .(B) the action or appeal -- (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  The law "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989); s*ee also Denton v. Hernandez*, 504 U.S. 25, 32 (1992); *Macias v. Raul A.*, 23 F.3d 94, 97 (5th Cir.1994).  "[I]n an action proceeding under Section 1915(d), [a federal court] may consider, *sua sponte*, affirmative defenses that are apparent from the record even where they have not been addressed" or raised in the pleadings on file. *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990).  "Significantly, the court is authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of the answer." *Id.*  The Court has permitted Plaintiff to proceed *in forma pauperis* in this action, thus her Complaint is subject to *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2).

To invoke the protections of the Due Process Clause, Plaintiff must have a protected liberty interest at stake.  A constitutionally protected liberty interest will be "limited to freedom from restraint which . . . imposes atypical and significant hardships on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484

(1995).  Plaintiff simply did not suffer an atypical and significant hardship in relation to the ordinary incidents of prison life by losing a particular prison job.  *See Bulger v. United States*, 65 F.3d 48, 50 (5th Cir. 1995) (holding that the loss of a prison job did not implicate the prisoner's liberty interest even though the prisoner lost the ability to automatically accrue good-time credits).  Likewise, any expectation that Plaintiff might have had in keeping her prison job does not amount to a property interest entitled to due process protection.  *Id.*

Plaintiff also complains that MDOC policy and procedure was violated when she was removed from employment in the prison law library.  This allegation, without more, simply does not rise to a level of constitutional deprivation.  *Jones v. Hudnell*, 210 F. App'x 427, 428 (5th Cir. 2006) ("A violation of prison regulations, without more, does not give rise to a federal constitutional violation.") (citing *Hernandez v. Estelle*, 788 F.2d 1154, 1158 (5th Cir 1986)).  "[A] prison official's failure to follow the prison's own policies, procedures or regulations does not constitute a violation of due process, if constitutional minima are nevertheless met."  *Myers v. Klevenhagen*, 97 F.3d 91, 94 (5th Cir. 1996); *see also Giovanni v. Lynn*, 48 F.3d 908, 912 (5th Cir. 1995);  *Murphy v. Collins*, 26 F.3d 541, 543 (5th Cir. 1994);  *Hernandez*, 788 F.2d at 1158.  In sum, the Court finds that Plaintiff's constitutional rights under the Due Process Clause were not violated when she lost her prison job in the law library and the alleged violation of MDOC policy and procedure did not amount to a constitutional deprivation.

## Conclusion

As stated above, Plaintiff's complaint regarding the loss of her prison job fails to state a claim upon which relief may be granted.  Consequently, this case will be dismissed pursuant

to 28 U.S.C. § 1915(e)(2)(B)(ii).  Since this case is dismissed pursuant to the above mentioned provision of the Prison Litigation Reform Act, § 1915(e)(2)(B)(ii), it will be counted as a "strike".[1]  If Plaintiff receives "three strikes" she will be denied *in forma pauperis* status and required to pay the full filing fee to file a civil action or appeal.

A Final Judgment in accordance with this Memorandum Opinion will be entered.

**SO ORDERED AND ADJUDGED** this the 2th day of November, 2007.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE

---

[1] 28 U.S.C. § 1915(g) states "[i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."